**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____

|                                                      |     |
|------------------------------------------------------|-----|
| **UNITED STATES** *ex rel.* **A. SCOTT POGUE,**      | )   |
|                                                      | )   |
|                                                      | )   |
| **Plaintiff,**                                       | )   |
|                                                      | )   |
| v.                                                   | )   |
|                                                      | )   |
| **DIABETES TREATMENT CENTERS OF AMERICA, INC.,** *et al.,* | )   |
|                                                      | )   |
| **Defendants.**                                      | )   |

**Civil Action No. 99-3298 (RCL)
Part of Misc. No. 01-50 (RCL)**

_____

<u>**MEMORANDUM OPINION**</u>

This matter comes before the Court on several discovery disputes among the parties.

First, defendant Diabetes Treatment Centers of America, Inc. ("DTCA") filed, on November 1,

2005, a motion [1105] and an accompanying memorandum of law to compel Relator to provide

full and complete answers to its Second Set of Interrogatories.  Relator filed an opposition [1111]

on November 14, 2005, and DTCA filed a reply [1118] on December 1, 2005.  Relator thereafter

filed, on December 16, 2005, a supplemental response and opposition [1124] to DTCA's Second

Set of Interrogatories, along with an unopposed motion requesting leave to do so.

Second, on November 21, 2005, DTCA filed a motion [84] and an accompanying

memorandum of law to compel the United States Department of Health and Human Services

("HHS") to comply with subpoena for documents and testimony.  The United States filed its

opposition [94] on December 20, 2005, after filing an unopposed motion [93, 1128] for leave to

file an opposition in excess of ten pages and a motion [1117] for leave to late file.  DTCA filed

its reply [1134] on January 9, 2006, after filing a motion [1132] for extension of time to file its

reply, and a motion [1133] for leave to file an opposition in excess of ten pages.

Third, several defendant physicians (the "Atlanta Physicians") jointly filed, on November

21, 2005, a motion [82] to compel Relator to answer interrogatories and respond to requests for

production of documents.  Relator sought and was granted an extension of time for filing his

opposition [95], which he subsequently filed on December 29, 2005.  Defendants the Atlanta

Physicians filed a reply [96] on January 13, 2006.

Upon a thorough review of each party's filings, the applicable law and the entire record

herein, this Court has determined that the motions [93, 1117, 1124, 1128, 1132, 1133] for leave

to file motions in excess of ten pages, for leave to late file, and for leave to file a supplemental

opposition shall be GRANTED; DTCA's motion [1105] to compel Relator to provide full and

complete answers to its Second Set of Interrogatories shall be GRANTED in part and DENIED

in part; DTCA's motion [84] to compel HHS to comply with subpoena for documents and

testimony shall be DENIED; defendants the Atlanta Physicians' motion [82] to compel Relator to

answer interrogatories and respond to requests for production of documents shall be DENIED.

## I.  BACKGROUND

This *qui tam* action has been pending for many years.  Currently before the Court are two

discovery disputes between the parties.  Defendant DTCA, a healthcare corporation charged with

violating laws governing billing for Medicare procedures, complains that Relator has improperly

objected to DTCA's second set of interrogatories.  It also alleges that HHS' refusal to provide

documents and testimony is improper.  Relator and HHS argue that their respective responses to

the discovery requests were appropriate.

## II. DISCUSSION

*A.  DTCA's Motion [1105] to Compel Relator to Answer Interrogatories*

DTCA served its second set of interrogatories on Relator after the parties agreed that defendant would be permitted ten additional interrogatories.  These ten interrogatories sought information about the following: DTCA employees who are suspected of having paid kickbacks, DTCA's treatment of those employees, the physicians who were suspected of receiving kickbacks, the allegation that HHS would have denied the claims had it known of the kickbacks and related actions, the claims that were submitted, and the basis for the Relator's contention that DTCA knowingly violated the False Claims Act.  Relator served his responses to the interrogatories on April 11, 2005.  DTCA, finding the responses to be inadequate, subsequently wrote Relator three letters in an attempt to resolve the dispute over the interrogatories.  Relator did not respond, prompting DTCA to file the instant motion to compel.

After the motion, opposition and reply were filed, Relator filed and served on DTCA a set of supplemental responses which provide further answers to the interrogatories.  Since DTCA has not indicated to the Court that it seeks to withdraw its motion to compel in light of the additional responses, this Court shall consider the merits of the motion.

*1.      General Objections*

Relator objects to the interrogatories on several grounds.  Generally, he objects that all of the interrogatories are overly broad "contention interrogatories," and that compliance would impose an unreasonable burden.  (Relator's Opp'n [1111] 3-7.)  DTCA contends that the interrogatories are of reasonable breadth and do not impose an undue burden on Relator. (DTCA's Mem. Supp. [1106] 2-3.)  Relator's "boilerplate objections" that the interrogatories

3

were overly broad and unduly burdensome, DTCA argues, fail to justify his refusal to answer them.  (*Id.*)

As to the general objection on the basis of privilege, this Court notes that Relator has foreclosed any challenge to the interrogatories on this ground because of his failure to file a privilege log as required by Fed. R. Civ. P. 26(b)(5), which requires a description of the withheld information or documents that would enable other parties to assess whether the privilege applies.[1]  *See, e.g., Lohrenz v. Donnelly*, 187 F.R.D. 1, 6-7 (D.D.C. 1999) (Lamberth, J.) (denying plaintiff's assertion of privilege because of her failure to provide a privilege log as required by the Federal Rules of Civil Procedure).  Accordingly, Relator's blanket objections on the basis of privilege shall be rejected.  As to the general objection on the grounds of undue burden, this Court notes the well-documented rule that a party objecting to an interrogatory on this basis must explain in detail how the interrogatory is burdensome.  *See, e.g., Alexander v. FBI*, 192 F.R.D. 50, 53 (D.D.C. 2000) (Lamberth, J.) (citing *Lohrenz*, 187 F.R.D. at 4).  Where Relator fails to address specifically how compliance with the interrogatory would burden him, his objections on the ground of undue burden shall be rejected.

The specific objections shall be considered next.  In addition to his general objections, Relator objects to each interrogatory on various grounds, including privilege, timeliness, compound form, and as exceeding the total number of allowed interrogatories.  DTCA disputes

---

[1] Federal Rule of Civil Procedure 26(b)(5) reads:

> When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

each objection.  This Court finds that the interrogatories are deficient in form but not substance;

accordingly, the motion to compel shall be denied, but defendant will not be prevented from

seeking much of the same information in interrogatories subdivided by this Court.  This Court

shall discuss each interrogatory in turn.

2.      *Interrogatory No. 26*

Interrogatory No. 26 requests that Relator identify each DTCA medical director that he

contends received illegal kickbacks or who was prohibited from referring to DTCA-affiliated

hospitals, and requests that Relator "state all facts and identify all documents supporting" his

contentions.  Relator contends that No. 26 has been answered by his statement that he has

"alleged this corporate-run nationwide scheme implicates every hospital and medical director

arrangement" (Relator's Opp'n [1111] 7), could be answered by DTCA itself (*id.* at 7 n.4) and

seeks protected work product (*id.* at 7-8).   DTCA argues that Relator's vague theory merely

restates the allegations in the complaint and as such is not a sufficient response to the

interrogatory.  (DTCA's Mem. Supp. [1106] 5-6.)  DTCA also argues that the facts underlying

Relator's allegations cannot infringe on privilege, and in any event, Relator cannot successfully

assert the privilege because he failed to provide a privilege log as required by Federal Rule of

Civil Procedure 26(b)(5).  (*Id.* at 4-5.)

This Court finds no legitimate problem with the information sought by No. 26.  It does

find, however, that the compound form of the interrogatory is improper.  Contrary to Relator's

objections, the interrogatory may properly seek identification of documents and facts supporting

a contention, but it may not do so in a single interrogatory.

It bears noting, as discussed *supra* Part A.1, that Relator may not rely on the work

product doctrine to withhold a response to the interrogatories: he fails to describe the withheld documents or information in detail sufficient to allow other parties to assess the applicability of the privilege.  Similarly, Relator cannot rely on his statement that he has answered the interrogatory with his one-sentence restatement of the allegation.  This vague statement is wholly inadequate to satisfy Rule 33's directive that interrogatories "shall be answered separately and fully in writing."  FED. R. CIV. P. 33(b)(1).  Further, Relator's contentions that this interrogatory impermissibly seeks legal arguments or requires Relator to identify which documents he has selected in preparation for trial are unpersuasive.  Relator fails to carry his burden of showing that the interrogatory is burdensome or inappropriate, in part because the cases Relator cites in support of his arguments are not analogous to the circumstances giving rise to the instant dispute.  Notwithstanding this deficiency, however, Relator will not be compelled to respond to this interrogatory in its compound form.

       3.     *Interrogatory No. 27*

This interrogatory asks what facts and documents support the contention that DTCA was aware of the illegal conduct of the medical directors identified in the answer to No. 26.  It directs Relator to identify each person who knew, and to explain how they knew, of the violations.  Relator objects to this interrogatory only on the grounds already discussed, *i.e.*, that it is overly broad and burdensome and that it seeks attorney work product.  (Relator's Opp'n [1111] 8.)  For the reasons already discussed, those arguments are rejected.  This Court does find, however, that this interrogatory is also impermissibly compound.  While the information it seeks is appropriate, the form of the interrogatory is not.  Relator will not be compelled to provide an answer to the interrogatory as it is currently phrased.

4.      *Interrogatory No. 28*

This interrogatory asks Relator to identify any medical director that he contends was compensated according to referrals, to describe how the compensation varied, and to state all facts and identify all documents supporting his contention that the compensation varied.  Relator objects to this interrogatory, in addition to the general objections, on the grounds that it does not seek relevant information because he need not prove that compensation varied according to referral volume; rather, he need only show that the directors were compensated with the intent to induce referrals.  (Relator's Opp'n [1111] 8-9.)  This Court finds that the interrogatory inquires into relevant matters, or into matters that may lead to relevant evidence.  Whether and how compensation was tied to referrals is certainly relevant to the intent that may be inferred therefrom.  Accordingly, under the broad standard for relevance in Federal Rule of Civil Procedure 26(b)(1), its topic is proper.[2]  Once again, however, this Court finds that the interrogatory is of an impermissible compound form.  Relator will not be compelled to provide an answer to the interrogatory as it is currently phrased.

5.      *Interrogatory No. 29*

This interrogatory requests that Relator identify all medical directors who he contends were required by DTCA to admit patients to hospitals affiliated with DTCA and to state all facts

---

[2] Federal Rule of Civil Procedure 26(b)(1) reads:

> In General. Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(I), (ii), and (iii).

and identify all documents supporting his contention.  Relator objects to this interrogatory on the basis of relevance, and for the general objections of burden, overbreadth and attorney work product.  (Relator's Opp'n [1111] 9.)  As with No. 28, this Court finds that the interrogatory seeks relevant information.  Relator appears to suggest that this Court should employ a *per se* rule that defendant may never inquire into evidence that it committed acts beyond the minimum needed to show a violation of the law.  This Court finds no basis for such a narrow reading of relevance.  As with the other interrogatories, however, this Court finds that the compound form of the interrogatory is inappropriate.  Relator will not be compelled to provide an answer to the interrogatory as it is currently phrased.

      6.     *Interrogatory No. 30*

This interrogatory seeks identification of medical directors that Relator contends DTCA subjected to adverse employment action because of the number of referrals they made to DTCA-affiliated hospitals.  As to each director, it seeks all facts and documents supporting Relator's contention that the adverse employment action was taken, as well as a description of the action taken.  Relator argues that this interrogatory seeks information that is equally available to defendants, and objects to it on the general grounds of burden, overbreadth and work product.  (Relator's Opp'n [1111] 9-10.)  This Court finds that the subject of the interrogatory is proper, but that once again its compound form is inappropriate.  Relator will not be compelled to provide an answer to the interrogatory as it is currently phrased.

      7.     *Interrogatory No. 31*

This interrogatory seeks information relating to medical directors who have stated that they were given specific benefits in exchange for referrals, and asks Relator to state all facts and

identify all documents in support of their contentions.  Relator objects to this interrogatory on the

grounds that it seeks information protected as work product, and that it is overbroad and imposes

an undue burden.  This Court finds that, as discussed *supra* Part A.1, Relator cannot rely on

claims of privilege.  This Court does find, however, that the interrogatory is impermissibly

compound and that its request that Relator identify facts and documents in support of the

contention of a third party, the medical directors, is not appropriate.  It is unreasonable to expect

Relator to defend the contentions of another.  Relator will not be compelled to provide an answer

to the interrogatory as it is currently phrased.

8.     *Interrogatory No. 32*

This interrogatory asks Relator to state all facts that support the contention that HHS

would have denied claims and excluded hospitals from participation in federal programs if it had

known the circumstances under which the claims were brought.  Relator argues that his three-

page answer to this interrogatory was sufficient, a claim that DTCA disputes.  This Court finds

that Relator has sufficiently answered this interrogatory.  His citations of statements that the

United States conditioned payments and continued participation in Medicare on compliance with

the law provides a sufficient answer to the interrogatory.  Any dissatisfaction with the response

likely results from defendant's decision to phrase the interrogatory in such broad terms.  If

Relator asserts that his response contains all the facts he knows that support his contention as

phrased by defendant, he has fulfilled his obligation.

9.     *Interrogatory No. 33*

This interrogatory asks Relator to identify any services that were falsely billed to

Medicare that he contends were medically unnecessary and to identify the evidence supporting

that contention.  Relator argues that this interrogatory is irrelevant because it seeks proof of acts

that are not elements of the claims asserted, that his answer was sufficient, that it is unduly broad

and burdensome, and that it would require medical expert testimony, which has not yet been

exchanged.  (Relator's Opp'n [1111] 11-13.)  This Court finds that the interrogatory seeks

information that is relevant or may lead to relevant information.  Whether medically unnecessary

services were provided in relation to the allegedly false claims may shed light on the benefits

received as a result of the false claims and on defendant's intent in submitting those claims.

Additionally, Relator's answer is not sufficient.  Relator must either affirm or deny the

contention; he may not answer the interrogatory by interpreting the question to state a narrower

contention.  As it has with other interrogatories, however, this Court does find that the compound

form of the interrogatory is inappropriate.  Relator will not be compelled to provide an answer to

the interrogatory as it is currently phrased.

        *10.      Interrogatory No. 34*

This interrogatory asks Relator to identify any physician who received illegal

compensation for recommendations or referrals to DTCA-affiliated hospitals and asks Relator to

state all facts that show such an arrangement violated a federal law.  Relator objects that the

interrogatory is overbroad, would impose an undue burden and is premature given the parties'

discussions.  This Court finds that the interrogatory is proper except for its compound format.

Relator will not be compelled to provide an answer to the interrogatory as it is currently phrased.

        *11.      Interrogatory No. 35*

This interrogatory seeks all facts and evidence supporting Relator's contention that

DTCA caused false claims to be submitted, including identification of the persons who knew of

the illegal act and a description of how the illegality relieved the federal government's obligation

to pay the claim.  Relator contends that this interrogatory seeks irrelevant evidence, is overly

broad and unduly burdensome and would require disclosure of his work product.  This Court

finds that the subject matter of the interrogatory is proper, although the compound form is not.

Relator will not be compelled to provide an answer to the interrogatory as it is currently phrased.

    *12.*    *Conclusion as to Specific Objections*

    As discussed above, this Court finds that all of the interrogatories – with the exception of

No. 32, which this Court found to have been sufficiently answered, and No. 31 to the extent it

seeks support for the contentions of another – are appropriate in substance but not in form.

Federal Rule of Civil Procedure 33(a) allows a party to submit interrogatories that contain

"discrete subparts," but does not allow parties to combine multiple interrogatories into one.  *See*

CHARLES ALAN WRIGHT, ARTHUR R. MILLER AND RICHARD L. MARCUS, 8A FEDERAL PRACTICE

AND PROCEDURE, RULE 33 (1994) ("Parties cannot evade th[e] presumptive limitation [of 25

interrogatories] through the device of joining as 'subparts' questions that seek information about

discrete separate subjects.")

    What case law there is on the subject supports the common sense conclusion that an

interrogatory may only contain multiple parts that "are logically or factually subsumed within and

necessarily related to the primary question."  *Trevino v. ACB American, Inc.*, 232 F.R.D. 612,

614 (N.D. Cal. 2006).  For example, in *Trevino*, the Court held that when a party sought

information about litigation filed by the opposing party, it was proper to ask in one interrogatory

for the court, caption, civil number and result.  *Id.  Cf. also* WRIGHT ET AL., 8A FEDERAL

PRACTICE AND PROCEDURE, RULE 33 ("[A] question asking about communications of a particular

11

type should be treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each such communication.") By contrast, *Trevino* found an interrogatory to be impermissibly compound when it asked for identification of expert witnesses, specific opinions that would be given during the testimony, and the grounds for each of the expert's opinions. *Trevino*, 232 F.R.D. at 614.

In the instant case, this Court finds that Nos. 26-31 and 33-35 are impermissibly compound because each requires separate responses to individual subparts that are not so related that they may be considered one interrogatory. For example, No. 27 requests all facts supporting Relator's contention that DTCA was aware of the illegal conduct of the medical directors identified in the answer to No. 26; asks Relator to identify each person who knew, and to explain how they knew, of the violations. Finally, it requests that Relator identify all documents that support the contention as to each medical director. This single interrogatory is more accurately counted as three separate interrogatories. It is inappropriate, in a case involving such wide-ranging discovery, for defendant to propound interrogatories that require extensive research to answer each sub-part of each interrogatory, thereby extending the number of interrogatories it may require his opponent to answer. Almost every interrogatory in Nos. 26-31 and 33-35 must be counted as at least three, and in several cases four, resulting in a total of more than thirty interrogatories. This Court has subdivided the nine objectionable interrogatories into a list of thirty-one interrogatories,[3] each of which must be considered a separate interrogatory. The parties, as Relator points out, agreed to only ten additional interrogatories, and this Court already found that Relator sufficiently answered No. 32 and that Relator may not be compelled to answer

---

[3] The interrogatories, as subdivided by this Court, are attached to this Memorandum Opinion as an Appendix.

that portion of No. 31 that seeks support for others' contentions.  Accordingly, were defendant permitted to resubmit its interrogatories in a form consistent with this Memorandum Opinion, it would be entitled to submit nine interrogatories.

If it chooses to do so, defendant may select nine of the interrogatories (as subdivided by this Court) and serve those nine interrogatories on Relator within ten days from this date. Defendant is also encouraged to review Relator's supplemental responses with an eye toward minimizing the number of additional inquiries it might have.  In accordance with the foregoing, defendant's motion to compel must be GRANTED in part as to compelling Relator to answer nine of the subdivided interrogatories, but DENIED in part as to the remainder of the motion.

### B.  DTCA's Motion [84] to Compel HHS to Comply with Subpoena

The subject of DTCA's motion is a subpoena that DTCA served on HHS in the summer of 2004.  The subpoena calls for documents and testimony relating to HHS' policy and practice of considering, in determining whether to pay a claim, whether it was submitted in violation of the laws that defendant is alleged to have violated.  (DTCA's Mem. Supp. [85] 1-2.)  HHS refused to comply with the subpoena on grounds of relevance, undue burden, waiver, and failure to comply with procedural requirements.  (Govt.'s Opp'n [94] Ex. A.)  Defendant did not pursue enforcement of the subpoena for nearly a year while the parties engaged in settlement discussions.  (DTCA's Mem. Supp. [85] 3.)  When, in the fall of 2005, they failed to reach a settlement, DTCA renewed its request that HHS comply with the subpoena.  (*Id.*)  HHS refused, citing the same objections.  (Govt.'s Opp'n [94] 3-4.)

While the parties argue objections relating to matters as varied as timeliness, privilege, proper procedure, undue burden, materiality, this Court finds that the jurisdictional issue is

dispositive.  Defendant's motion must be denied because it has provided no valid basis on which to compel a federal agency to comply with a subpoena.

This Court must have authority to compel discovery.  The most likely source are the Federal Rules of Civil Procedure.  As the Government notes, however, Federal Rule of Civil Procedure 45 cannot provide a basis for granting defendant's motion to compel because the United States is not a "person" within the meaning of that rule.  *See U.S. ex. rel. Taylor v. Gabelli*, 233 F.R.D. 174, 175-76 (D.D.C. 2005) (Leon, J.) (holding that the presumption that Rule 45 does not apply to the federal government can only be overcome by affirmative evidence); *Lerner v. District of Columbia*, 2005 WL 2375175, at *4 (D.D.C. 2005) (Kessler, J.) (holding that the same conclusion is compelled by this Circuit's reasoning in an analogous case).  Similarly, the Government cannot be compelled to comply with the subpoena as a party to the action, because it is not a real party in interest when, as in this case, it has elected not to intervene.  *See Gabelli*, 233 F.R.D. at 174-75 (finding no basis for "the proposition that the federal government is a real party in interest to a *qui tam* action when it elects *not* to intervene").

The other possible basis for compelling discovery is the agency's own regulations governing such matters, which HHS has promulgated at 45 C.F.R. pt. 2.  Any dispute that the agency's response to the subpoena was not in conformity with its own regulations must be brought under the Administrative Procedure Act, 5 U.S.C. §§ 701 *et seq.* ("APA").  *See Yousuf v. Samantar*, 2005 WL 1523385, at *4 n.10 (D.D.C. 2005) (Walton, J.) (noting that a district court cannot review an agency's compliance with its regulations until the agency has issued a final decision and an action is filed under the APA challenging that decision) (citing *COMSAT Corp. v. Nat'l Sci. Found.*, 190 F.3d 269, 278 (4th Cir. 1999)).  In the instant case, HHS has not yet

14

issued a final decision.  (Gov't.'s Opp'n [94] 5.)  As DTCA noted, the discovery request was

suspended for nearly a year while the parties engaged in settlement negotiations.  When those fell

through, HHS renewed its consideration of the request.  (*Id.* at 5 n.3.)

DTCA makes several alternative arguments, all of which must fail.  First, DTCA argues

that Rule 45 applies in this case because HHS states in its own regulations that Rule 45 governs,

and because HHS has waived any objection to the subpoena by violating its own regulations in

two respects.  (DTCA's Mem. Supp. [85] 9-10.)  HHS maintains that its actions were justified

under its regulations until it made certain findings.  (Gov't.'s Opp'n [94] 7.)  Second, DTCA

argues that the subpoena seeking testimony should be viewed separately from its subpoena for

documents.  (DTCA's Mem. Supp. [85] 9-10.)  It contends that even if the request for documents

cannot be compelled under Rule 45, the request for testimony nonetheless can be compelled

pursuant to Rule 30(b)(6).  (*Id.*)  HHS argues that Rule 30(b)(6) is inapplicable because the

Government is a non-party.  (Gov't.'s Opp'n [94] 7.)  Third, DTCA asserts that HHS has waived

procedural objections to the subpoena by consenting to the application of the Federal Rules of

Civil Procedure when it requested that this case be transferred as part of the multi-district

litigation.  (DTCA's Mem. Supp. [85] 10.)

This Court finds all of DTCA's arguments to be without merit.  Since this Court has

found that HHS may respond to the subpoena pursuant to its own regulations rather than the

Federal Rule of Civil Procedure, any challenge to its response must be brought pursuant to the

APA.  DTCA does not point this Court to any other basis upon which it may exercise jurisdiction

to review agency action.  In light of this finding, the Court need not consider the other arguments

raised by HHS and defendants.

In light of the foregoing, this Court finds that DTCA's motion to compel must be denied. HHS must be provided an opportunity to respond in conformance with its own regulations, and if DTCA is dissatisfied with the response or lack of response,[4] the proper vehicle for any challenge to the agency's action is the APA. To insure that this Court does not lose control of the timing of discovery in this case, counsel would be well-advised to file any action under the APA as a related case to insure that it will be assigned to the undersigned judge. *See* L. CIV. R. 40.5.

   *C. The Atlanta Physicians' Motion [82] to Compel Relator to Answer Interrogatories and to Respond to Requests for Production of Documents*

   Defendants the Atlanta Physicians move this Court for an order compelling Relator to respond to the sets of interrogatories and requests for production of documents they have propounded throughout the pendency of this action. They also request that this Court award the costs of bringing the motion. They complain that Relator's objections were improper (Atlanta Physicians' Mot. [83] 5-10), and that, when Relator did provide answers, they were insufficient (*id.* at 3-5). Relator's counters that, as a preliminary matter, defendants the Atlanta Physicians' motion must be denied because they failed to comply with the federal and local rules requiring a meeting prior to filing a non-dispositive motion. (Relator's Opp'n [95] 1-5.) Relator also notes that he has supplemented his responses since the Atlanta Physicians filed their motion, and argues that their failure to object to his supplemented responses renders their motion moot. (*Id.* at 5-10.)

   This Court finds that defendants the Atlanta Physicians' motion to compel must be denied

---

   [4] It should be noted that HHS renewed its consideration of the request in late October 2005, more than seven months prior to this date. The unusual delay in HHS' decision under its regulations perhaps is attributable to its waiting for this Court's decision. This Court expects HHS to promptly decide what it will produce in response to the subpoena.

because they failed to confer with opposing counsel in an attempt to resolve the dispute before filing a non-dispositive motion. As Relator notes, such is required by both the Federal Rules of Civil Procedure as well as by the Local Rules of this Court. FED. R. CIV. P. 37(a)(2)(B) (noting that motions to compel discovery "must include certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make that discovery in an effort to secure the information or material without court action"); L. CIV. R. 7(m) (directing that counsel, before filing any non-dispositive motion in a civil case, "must discuss the anticipated motion with opposing counsel . . . in a good faith effort to determine whether there is any opposition" and "to narrow the areas of disagreement"). The obligation to confer may not be satisfied by perfunctory action, but requires a good faith effort to resolve the non-dispositive disputes that occur in the course of litigation. As such, failure to comply with the conference requirement is sufficient basis to deny a motion to compel.

That defendants the Atlanta Physicians complied with the rules three years ago does not satisfy the prerequisite for their current motion. During those three years, either party's stance with regard to the dispute may have evolved, particularly in light of the fact that additional discovery was in progress. The purposes of the rules – to encourage informal resolution to such disputes, or at least to reduce or narrow the issues the Court will consider – are not well-served by defendants' making no effort to confer in the period reasonably prior to filing the motion. It is a waste of this Court's time and resources to adjudicate a dispute that could have been resolved by the parties themselves. *See, e.g., Pulsecard, Inc. v. Discover Card Servs., Inc.*, 168 F.R.D. 295, 302 (D. Kan. 1996). Defendants present this Court with no persuasive reason that compliance with the rules should be excused in this case.

While this Court declines to set forth any bright-line rule as to how much time may elapse between conferring and filing the motion, it is clear to this Court that the extensive length of time that elapsed in this case does not show a good faith attempt to confer. *See, e.g., Ridge Chrysler Jeep L.L.C. v. Daimler Chrysler Servs. North Am., L.L.C.*, 2004 WL 3021842, at *4 (N.D. Ill. 2004) (holding that one letter sent a year prior to the filing of a motion to compel was insufficient to satisfy the requirement to confer). Defendants the Atlanta Physicians' motion must be denied for failure to comply with the requirement that a movant confer with opposing counsel in a good faith effort to resolve or narrow the dispute prior to filing a motion to compel.

### III. CONCLUSION

For the foregoing reasons, all motions [93, 1117, 1124, 1128, 1132, 1133] for leave to file motions in excess of ten pages, for leave to late file, and for leave to file a supplemental opposition shall be GRANTED; DTCA's motion [1105] to compel Relator to provide full and complete answers to its Second Set of Interrogatories shall be GRANTED in part and DENIED in part; DTCA's motion [84] to compel HHS to comply with subpoena for documents and testimony shall be DENIED; defendants the Atlanta Physicians' motion [82] to compel Relator to answer interrogatories and respond to requests for production of documents shall be DENIED.

A separate Order shall issue this date.

Signed by Royce C. Lamberth, United States District Judge, June 2, 2006.

**APPENDIX**

**Subdivided Interrogatories**

26.1.  Please identify any DTCA medical director to whom you contend DTCA paid illegal kickbacks to induce patient referrals in violation of the Anti-Kickback Statute or whom you allege was prohibited by the Stark Laws from making referrals to any hospital where DTCA had a diabetes treatment center.

26.2.  For each medical director identified in the response to Interrogatory No. 26.1, please state all facts supporting such contention which respect to that medical director.

26.3.  For each medical director identified in the answer to Interrogatory No. 26.1, please identify all documents supporting such contention which respect to that medical director.

26.4.  For each medical director identified in the response to Interrogatory No. 26.1, please identify the period of time which you contend DTCA paid that medical director illegal kickbacks in violation of the Anti-Kickback Statute or was prohibited by the Stark Laws from referring patients to any hospital where DTCA had a diabetes treatment center.

27.1.  For each medical director identified in the response to Interrogatory No. 26.1, please identify each person who possessed the knowledge required to show that DTCA had knowledge of violations of the Anti-Kickback Statutes or referrals prohibited under the Stark Laws.

27.2.  For each medical director identified in the response to Interrogatory No. 27.1, please state how each person obtained the requisite knowledge.

27.3.  For each medical director identified in the response to Interrogatory No. 27.1, please identify all documents that support your contention that each medical director possessed the requisite knowledge.

28.1.  Please identify any medical director whose compensation you contend was based on or varied according to his or her volume of referrals.

28.2.  For each medical director identified in the response to Interrogatory No. 28.1, please state all facts supporting such contention.

28.3.  For each medical director identified in the response to Interrogatory No. 28.1, please identify all documents supporting such contention.

28.4.  For each medical director identified in the response to Interrogatory No. 28.1,

please describe the manner in which compensation varied according to referral volume.

29.1.   Please identify any medical director whom DTCA required to admit his or her patients to the hospital where DTCA had a diabetes treatment center.

29.2.   For each medical director identified in the response to Interrogatory No. 29.1, please state all facts supporting such contention.

29.3.   For each medical director identified in the response to Interrogatory No. 29.1, please identify all documents supporting such contention.

30.1.   Please identify any medical director who was terminated, whose contract was not renewed, whose compensation was lowered, or against whom DTCA took any form of adverse action based on that medical director's number of referrals.

30.2.   For each medical director identified in the response to Interrogatory No. 30.1, please specify any adverse action taken against that medical director.

30.3.   For each medical director identified in the response to Interrogatory No. 30.1, please state all facts supporting such contention.

30.4.   For each medical director identified in the response to Interrogatory No. 30.1, please identify all documents supporting such contention.

31.1.   Please identify any medical director who contends or has stated that he or she was paid by DTCA for referrals.

31.2.   Please identify any medical director who contends or has stated that he or she was paid more than fair market value for the services performed by that medical director.

31.3.   Please identify any medical director who contends or has stated that he or she was not required to perform services by DTCA.

31.4.   Please identify any medical director who contends or has stated that he or she was required to provide nominal services by DTCA.

33.1.   Please identify any services billed to Medicare on allegedly false claims which you contend were medically unnecessary.

33.2.   For each of the services identified in the response to Interrogatory No. 33.1, please state all facts supporting such contention.

33.3.   For each of the services identified in the response to Interrogatory No. 33.1, please identify all evidence supporting such contention.

34.1.   Please identify any physician whom you contend was illegally compensated for recommending or arranging for other physicians to refer patients to a hospital where DTCA had a diabetes treatment center.

34.2.   For each of the physicians identified in the response to Interrogatory No. 34.1, please state all facts supporting such contention.

35.1.   Please identify each claim that you contend violates the False Claims Act.

35.2.   For each claim identified in the response to Interrogatory No. 35.1, please identify each person whom you contend harbored the requisite knowledge that the conduct engaged in was illegal.

35.3.   For each claim identified in the response to Interrogatory No. 35.1, please identify those, the illegality of which, you contend negated the hospital's right to payment by a federal program.

35.4.   For each claim identified in the response to Interrogatory No. 35.1, please identify all evidence supporting the contention that DTCA caused the claim to be submitted with the knowledge required under the False Claims Act.